Otterbourg P.C.

230 Park Avenue
New York, NY 10169
otterbourg.com
212 661 9100

Richard G. Haddad
Member of the Firm
rhaddad@otterbourg.com
212 905 3622

November 21, 2025

VIA ECF

Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Jeffrey Griebel v. Beyond Air, Inc.* (2:25-cv-02969-AMD)
Joint Status Letter

Dear Judge Donnelly:

We represent the Plaintiff, Jeffrey Griebel. We write jointly with counsel for the Defendant, Beyond Air, Inc. ("Beyond Air"), to provide a status update in accordance with Your Honor's Order at the pre-motion conference held on October 29, 2025.

The parties appeared for a settlement conference before Magistrate Judge Tiscione on November 17, 2025, but were not successful in settling this matter. The parties have not been able to agree on a proposal for the next steps in the case, and therefore, set forth their respective proposals herein.

**Defendant's Position on its Proposed Motion to Dismiss**

Prior to the settlement conference, as directed by the Court, the parties engaged in preliminary discovery with respect to Plaintiff's contacts with New York State. Defendant's records show that Plaintiff's contacts with New York were very limited, with Plaintiff spending a total of 4 days in 2024 and 4 days in 2023, in New York State, and the remainder of his time was spent in his home office in Colorado. Additionally, a review of the email exchange referenced in the complaint does not demonstrate protected activity under NYLL §740, even if the statute were to apply.

Given the discovery findings, Defendant respectfully renews its request to file a pre-answer motion to dismiss, as outlined in its pre-motion letter [Dkt. 12]. Defendant respectfully proposes the following briefing schedule:

- Defendant's Motion filed on or before January 16, 2026[1]
- Plaintiff's Opposition filed on or before February 16, 2026
- Defendant's Reply filed on or before March 9, 2026

**<u>Plaintiff's Position on the Proposed Motion to Dismiss</u>**

Plaintiff does not oppose the request to file a motion to dismiss. We note the Court's views at the October 29th Pre-Motion Conference and submit that the most relevant considerations are: (1) the statement by Beyond Air in Plaintiff's employment letter confirming that his work was "based out of [Defendant's] Garden City, NY office," (2) the New York governing law and venue clause in Plaintiff's employment contract, (3) that Plaintiff's email signature and business card prepared and distributed by Beyond Air both include its New York office address, and finally (4) New York's strong public policy in favor of protecting whistleblowers.

As for the motion schedule, we would accept the schedule proposed by the Defendant, as long as there is no discovery stay. But if there were to be a stay of discovery, then, as explained more fully below, there is no reason that the motion which has already largely been outlined by Beyond Air in its pre-motion letter cannot be fully briefed sooner.

**<u>Defendant's Request to Stay Discovery</u>:** Additionally, should the Court grant Defendant's request to file a motion to dismiss, Defendant respectfully requests that all further discovery be stayed pending the hearing and determination of the motion to dismiss. The stay of discovery pending a hearing and determination of the motion will ensure that the parties do not incur any unnecessary expense while it is determined whether this Court is the appropriate forum and whether Plaintiff may proceed with his claim.

**<u>Plaintiff's Objection to a Discovery Stay</u>**

This case was filed in May, and a discovery schedule was entered by Magistrate Judge Tiscione in August. At that time, Defendant had already submitted its pre-Motion Letter, so it was aware that a motion was likely forthcoming. To date, the only discovery that has been propounded by the parties was that necessary for the settlement conference with Judge Tiscione, and initial disclosures pursuant to F.R.C.P. 26(a)(1)(A). Importantly, here, Defendant's motion will be based on a claim that another state's law should apply or the case should proceed in another forum. But

[1]Defendant's counsel have a trial scheduled to start December 15, 2025 in the Eastern District of Virginia and a trial on January 5, 2026, in the Superior Court of New Jersey, which is why this briefing schedule is being proposed.

no matter the outcome of the motion, discovery will be necessary, and delaying substantive discovery will only render evidence stale or harder to obtain.

Thus, Plaintiff's proposed stay, combined with its proposed motion schedule, will effectively put the case on hold until this Court can rule on the motion to dismiss, sometime after March 9, 2026, to Plaintiff's detriment. And no matter what the outcome of the motion, Mr. Griebel will still have claims. Thus, we respectfully submit that discovery should proceed.

Thank you for your consideration.

Respectfully submitted,

Otterbourg P.C.

*Attorneys for Plaintiff*

By: *Richard G. Haddad*
Richard G. Haddad

Forchelli Deegan Terrana LLP
Attorneys for Defendant

By: *Lisa M. Casa*
Lisa M. Casa