UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

JEFFREY GRIEBEL,

Plaintiff,

-against-

BEYOND AIR, INC.,

Defendant.

-----------------------------------------------------------------------x

Case No. 25-cv-2969(AMD)(ST)

**ANSWER**

**JURY TRIAL DEMANDED**

Defendant, BEYOND AIR, INC. ("Defendant") by and through its attorneys, Forchelli Deegan Terrana LLP, as and for its Answer to the Amended Complaint (the "Complaint") filed by plaintiff, JEFFREY GRIEBEL ("Plaintiff"), responds as follows:

## NATURE OF THE ACTION

1. Defendant denies the allegations set forth in paragraph "1" of the Complaint.

2. Defendant denies the allegations set forth in paragraph "2" of the Complaint.

3. Defendant denies the allegations set forth in paragraph "3" of the Complaint.

4. Defendant denies the allegations set forth in paragraph "4," inclusive of all sub-bulletins of the Complaint.

5. Defendant denies the allegations set forth in paragraph "5" of the Complaint.

6. Defendant denies the allegations set forth in paragraph "6" of the Complaint.

7. Defendant denies the allegations set forth in paragraph "7" of the Complaint.

8. Defendant denies the allegations set forth in paragraph "8" of the Complaint.

## THE PARTIES

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Defendant admits the allegations set forth in paragraph "10" of the Complaint.

## JURISDICTION AND VENUE

11. Defendant neither admits nor denies the allegations of paragraph "11" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refers all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph "11" of the Complaint.

12. Defendant neither admits nor denies the allegations of paragraph "12" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refers all questions of law to the Court. To the extent a response is required, Defendant denies the allegations in paragraph "12" of the Complaint.

## BACKGROUND

***Defendant Hires Plaintiff***

13. Defendant denies the allegations set forth in paragraph "13"of the Complaint.

14. Defendant denies the allegations set forth in paragraph "14"of the Complaint.

***Defendant Ignores Harm to Patients and Hospital Staff Caused by LungFit PH Device***

15. Defendant denies the allegations set forth in paragraph "15"of the Complaint.

16. Defendant denies the allegations set forth in paragraph "16"of the Complaint.

17. Defendant denies the allegations set forth in paragraph "17"of the Complaint.

18. Defendant denies the allegations set forth in paragraph "18"of the Complaint.

19. Defendant denies the allegations set forth in paragraph "19"of the Complaint.

20. Defendant denies the allegations set forth in paragraph "20"of the Complaint.

21. Defendant denies the allegations set forth in paragraph "21"of the Complaint.

22. Defendant denies the allegations set forth in paragraph "22"of the Complaint.

23. Defendant denies the allegations set forth in paragraph “23”of the Complaint.

24. Defendant denies the allegations set forth in paragraph “24”of the Complaint.

25. Defendant denies the allegations set forth in paragraph “25”of the Complaint.

26. Defendant denies the allegations set forth in paragraph “26”of the Complaint.

27. Defendant denies the allegations set forth in paragraph “27”of the Complaint.

28. Defendant denies the allegations set forth in paragraph “28”of the Complaint.

29. Defendant denies the allegations set forth in paragraph “29”of the Complaint.

***Defendant Continues to Act Recklessly to Try to Stay Competitive in the Industry***

30. Defendant denies the allegations set forth in paragraph “30”of the Complaint.

31. Defendant denies the allegations set forth in paragraph “31”of the Complaint.

32. Defendant denies the allegations set forth in paragraph “32”of the Complaint.

33. Defendant denies the allegations set forth in paragraph “33”of the Complaint.

34. Defendant denies the allegations set forth in paragraph “34”of the Complaint.

35. Defendant denies the allegations set forth in paragraph “35”of the Complaint.

36. Defendant denies the allegations set forth in paragraph “36”of the Complaint.

37. Defendant denies the allegations set forth in paragraph “37”of the Complaint.

38. Defendant denies the allegations set forth in paragraph “38”of the Complaint.

***Independent Corroboration of the Ongoing Failures of Defendant’s LungFit PH Device***

39. Defendant denies the allegations set forth in paragraph “39”of the Complaint.

40. Defendant denies the allegations set forth in paragraph “40”of the Complaint.

41. Defendant denies the allegations set forth in paragraph “41,” inclusive of all subparts, of the Complaint.

***Plaintiff if Terminated For Raising Concerns About Health Risks***

42. Defendant denies the allegations set forth in paragraph "42"of the Complaint.

43. Defendant denies the allegations set forth in paragraph "43"of the Complaint.

44. Defendant denies the allegations set forth in paragraph "44"of the Complaint.

45. Defendant denies the allegations set forth in paragraph "45"of the Complaint.

46. Defendant denies the allegations set forth in paragraph "46"of the Complaint.

47. Defendant denies the allegations set forth in paragraph "47"of the Complaint.

48. Defendant denies the allegations set forth in paragraph "48"of the Complaint.

49. Defendant denies the allegations set forth in paragraph "49"of the Complaint.

50. Defendant denies the allegations set forth in paragraph "50"of the Complaint.

51. Defendant denies the allegations set forth in paragraph "51"of the Complaint.

**AS TO PLAINTIFF'S FIRST CLAIM FOR RELIEF**

**(Retaliation, New York Labor Law Section 740)**

52. Defendant repeats and incorporates by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "51," as if said statements were repeated herein at length in response to paragraph "52" of the Complaint.

53. Defendant neither admits nor denies the allegations of paragraph "53" of the Complaint, as they are not allegations of fact, but rather legal conclusions. Defendant refers all questions of law to this Honorable Court. To the extent a response is required, Defendants deny the allegations in paragraph "53" of the Complaint.

54. Defendant denies the allegations set forth in paragraph "54" of the Complaint.

55. Defendant denies the allegations set forth in paragraph "55" of the Complaint.

56. Defendant denies the allegations set forth in paragraph "56" of the Complaint.

57. Defendant denies the allegations set forth in paragraph “57” of the Complaint.

58. Defendant denies the allegations set forth in paragraph “58” of the Complaint.

**AS TO PLAINTIFF’S SECOND CLAIM FOR RELIEF**

**(Retaliation, New York Labor Law §741)[1]**

59. Defendant repeats and incorporates by reference all denials, admissions and other responses to the allegations contained in paragraphs “1” through “51,” as if said statements were repeated herein at length in response to paragraph “52” of the Complaint.

60. Defendant denies the allegations set forth in paragraph “60” of the Complaint.

61. Defendant denies the allegations set forth in paragraph “61” of the Complaint.

62. Defendant denies the allegations set forth in paragraph “62” of the Complaint.

63. Defendant denies the allegations set forth in paragraph “63” of the Complaint.

64. Defendant denies the allegations set forth in paragraph “64” of the Complaint.

65. Defendant denies the allegations set forth in paragraph “65” of the Complaint.

66. Defendant denies the allegations set forth in paragraph “66” of the Complaint.

67. Defendants deny the allegations set forth in paragraph “67” of the Complaint.

68. Defendants deny the allegations set forth in paragraph “68” of the Complaint.

69. Defendants deny the allegations set forth in paragraph “69” of the Complaint.

**AS TO THE PRAYER FOR RELIEF**

70. Defendant denies the allegations and claims contained in Plaintiff’s prayer for relief, inclusive of subparts “i” through “v” in the Complaint.

**DEFENDANTS’ AFFIRMATIVE AND OTHER DEFENSES**

71. By way of further answer, Defendant asserts the following and other defenses. In

[1] This claim was dismissed by the Court’s decision and order dated July 2, 2026 and entered on July 6, 2026.

asserting these defenses, Defendant is providing notice to Plaintiff of the defenses Defendant intends to raise, and Defendant does not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

**AS AND FOR DEFENDANT'S FIRST AFFIRMATIVE DEFENSE**

72. The Complaint fails to state a claim upon which relief may be granted.

**AS AND FOR DEFENDANT'S SECOND AFFIRMATIVE DEFENSE**

73. Defendant did not proximately cause any harm to Plaintiff.

**AS AND FOR DEFENDANT'S THIRD AFFIRMATIVE DEFENSE**

74. Any harm or injury that Plaintiff suffered was caused by his own conduct.

**AS AND FOR DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE**

75. Plaintiff's claims are barred by the doctrine of estoppel.

**AS AND FOR DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE**

76. This Court lacks jurisdiction as plaintiff's claims are preempted by applicable federal law, rule, statute, and/or regulation.

**AS AND FOR DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE**

77. Plaintiff was terminated for a legitimate, non-retaliatory reason, and was terminated at Plaintiff's request due to the needs of the business to downsize and save costs.

**AS AND FOR DEFENDANTS' SEVENTH AFFIRMATIVE DEFENSE**

78. Plaintiff, as resident of Colorado, who only traveled to New York for a total of 8 days (inclusive of 4 travel days), in the two years prior to his termination, and no more than 33 days throughout his entire employment, may not raise a claim under the New York Labor Law §740.

**AS AND FOR DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE**

79. Plaintiff cannot succeed because he failed to engage in any "protected" or "whistleblower activity" or to provide Defendant with notice of the allegations raised in the Complaint.

**AS AND FOR DEFENDANT'S NINTH AFFIRMATIVE DEFENSE**

80. The state of Colorado, and not New York, has a prevailing interest in this claim.

**AS AND FOR DEFENDANT'S TENTH AFFIRMATIVE DEFENSE**

81. Defendant terminated Plaintiff for a legitimate business reason.

**AS AND FOR DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE**

82. Defendant cannot be held liable under the statutes referenced by Plaintiff.

**AS AND FOR DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE**

83. Plaintiff's claims are barred because he cannot establish a causal connection existed between the adverse employment consequence and the allegedly protected event.

**AS AND FOR DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE**

84. Punitive damages are unwarranted or are otherwise precluded as Plaintiff cannot establish that the Defendant participated in such acts with actual malice or accompanied by a wanton and willful disregard of Plaintiff.

**AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE**

85. Defendant presently has insufficient information upon which a relief can be formed as to whether Defendant may have additional, but yet unknown and unstated defenses. Defendant reserve the right to amend its Answer and to assert additional defenses in the event that discovery reveals that additional defenses are appropriate.

**AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE**

86. Defendant is discharged from all liability due to fully performing and discharging all duties.

**AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE**

87. Plaintiff never made a complaint to Defendant about any harm or potential harm to the public nor violation of any law, statute, or regulation.

**AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE**

88. Employers, directors, managers and officers may be shielded from liability for taking actions that are reasonable and prudent pursuant to the Business Judgment Rule.

**AS AND FOR DEFENDANT'S EIGHTEENTH AFFIRMATIVE DEFENSE**

89. Plaintiff's claims are barred by the doctrine of acquiescence.

**AS AND FOR DEFENDANTS' NINETEENTH AFFIRMATIVE DEFENSE**

90. Plaintiff's claims are barred as untimely under the applicable statute of limitations.

**AS AND FOR DEFENDANT'S TWENTIETH AFFIRMATIVE DEFENSE**

91. Any and all alleged events and happenings, injuries, losses or damages referred to in the Complaint were directly or indirectly caused and contributed to, in whole or in part, by the carelessness and/or negligence of Plaintiff herein, and therefore, the extent of loss, damages or injury sustained by Plaintiff, if any, should be reduced in proportion to the amount of negligence or fault attributable to said plaintiff.

**AS AND FOR DEFENDANT'S TWENTY-FIRST AFFIRMATIVE DEFENSE**

92. Defendant denies each and every allegation in the Complaint not expressly admitted herein.

## DEMAND FOR JURY TRIAL

93. Defendant hereby demands a trial by jury.

**WHEREFORE,** it is respectfully requested that the Complaint be dismissed in its entirety and that Defendant be awarded: (a) the costs and disbursements of this action; and (b) such other and further relief as this Court deems just and proper.

Dated: July 17, 2026
Uniondale, New York

FORCHELLI DEEGAN TERRANA LLP

By:____/s/__________________________
Gregory S. Lisi, Esq.
Lisa M. Casa, Esq.
*Attorneys for Defendant*
The OMNI
333 Earle Ovington Blvd., Suite 1010
Uniondale, NY 11553
Phone: (516) 248-1700
Fax: (516) 248-1729
E-Mail: glisi@forchellilaw.com
lcasa@forchellilaw.com